*In the matter of the United States of America against Whitmore Knaggs, interpreter for certain savage tribes, for assaulting a judge.*

The principles of the common law of England, by which alone the present case is affected, in relation to the powers and rights of judges and justices, and with respect both to assaults and to abusive language, appear to be settled with a very considerable degree of precision.

In general, and in every civil case without exception, a regard to the purity of justice, and to the impartiality of its administration, has made it a rigorous rule that a judge, or justice, shall not act officially in his own case.

In matters where the public is concerned, and becomes the party injured, though the judge, or justice, may also, incidentally, sustain injury, yet he may act; taking care that he do not abuse the confidence reposed in him to the oppression of individuals. It may, indeed, be, in some measure, considered as a duty, not lightly to be dispensed with, that he should act. He is, at all times, and in all situations, a conservator of the public peace. He is the protector of others; and he cannot be so, effectually, unless armed with the power to protect himself.

The following distinctions appear to have been gradually, and in modern times clearly, deduced from the train of adjudications which have successively been had on this subject.

### FIRST

Courts of justice may punish an assault taking place before them, and in their own view, or directed against themselves, their members, or officers.

### SECOND

Courts of justice may punish abusive and disorderly language and conduct, taking place in like manner.

### THIRD

A judge, or justice, *being in the execution of his office*, may *commit* the offender, for assault, or abusive language, in his presence, towards himself, or others.

#### FOURTH

A judge, or justice, may, at all times, bind the offender to appear to answer, and to the intervening peace and good behavior, for an assault committed upon himself, though not then particularly in the execution of his office, or, otherwise than generally as a conservator of the public peace. For abusive language, used TO himself personally, though not then particularly in the execution of his office, or, otherwise than generally as a conservator of the public peace, *relating to the exercise of his public duties*, he may also bind in the same manner. *If any other judge, or justice, be present, it were fitting to desire his aid.*

#### FIFTH

For abusive language, used TO a judge, or justice, personally, or in his presence, *relating to the exercise of his public functions*, though not then engaged in the actual execution of them, otherwise than, generally, as a conservator of the public peace, the offender is *indictable*. For abusive language used OF, and concerning, a judge, or justice, when he is not present, relating to the exercise of his office, the offender is not indictable; *but is subject to a civil action. Words are, in this case, actionable, which are not so in other cases.* For abusive language used to a judge or justice, personally, when not in the actual execution of his office, he may not commit; as he might do if the same language were used to him in the actual execution of his office. The offender, being subject to indictment for such language, may be bound to appear to answer, and in the mean time to be of good behavior, and may be committed for want of security. For abusive language used *of* a judge, or justice, not in his presence, the offender may not be committed, nor may he be bound to appear; the offence not being indictable, but presenting only the basis of a civil action.

#### SIXTH

A judge, or justice, may not only act where he is *himself assaulted*, or *abused to his face*, but may also *record a forcible entry on his own possession.* In all other cases where the judge, or justice, appears to be interested, or concerned as a party, he may not act.

#### SEVENTH

A judge, in all cases, and a justice, in most, for an official act, or for a mistake or judgment, cannot be prosecuted in a civil action.

#### EIGHTH

A principle is stated in the English law the application of which in the United States of America has not been observed by the undersigned.

If a judge, or justice, certify that a person hath committed a breach of the peace, in his presence, such person shall be fined by the court of King's Bench, without allowing him any traverse thereto.

Regarding the first seven of the foregoing principles to be clearly and definitively settled as the existing law, without reference to the particular

expediency of the several provisions, the undersigned has considered it necessary and advisable to issue his warrant against the present offender, and to ask the aid of others, charged like himself with the duty of conserving the public peace; and, in pursuance of the proceedings had in the matter, the offender is to be recognized to appear and answer for the assault committed, and in the mean time to be of good behavior, himself in three thousand dollars, and two good securities in one thousand five hundred dollars each, and is to be and remain in the custody of the marshall until the same be complied with.

AUGUSTUS B. WOODWARD.
One of the judges in and over the Territory of Michigan.

Michigan; July 25th 1811.

[In the handwriting of Augustus B. Woodward]

APPENDIX

*A list of the authorities resorted to, in framing the preceding opinion.*

Lambard. passim.
Dalton. passim.
The commentaries of Blackstone. Vol. III.
Burn's justice of the peace. Title, "Justice."
Encyclopedia. Article, "Justice of the Peace."
Strange's Reports. 420. 617. 1157. 1168.
Espinasse's Nisi Prius. Action of "False Imprisonment."
Salkeld. 396.
Moor. 247.

[In the handwriting of Augustus B. Woodward]

UNITED STATES OF AMERICA
TERRITORY OF MICHIGAN DISTRICT TO WIT
OF DETROIT

Be it remembered that on this twenty fifth Day of July One thousand eight hundred eleven Personally appeared before the Undersigned Robert Abbott one of the Justices in and for the District aforesaid, George Ewing Wilson and William Forsyth of the Said District who acknowledge themselves Severally to owe to the United States of America the Sum of two hundred and fifty Dollars each to be levied of their several lands and tennements goods and chattels rights and credits yet upon this condition that they that is to Say each of them be and appear before the Supreme Court of the Territory of Michigan at the next term thereof to give testimony in the matter of the United States of America against Whitmore Knaggs one of the Interpreters for the Savage Tribes and that they do not depart therefrom without

the leave of the Same in which case this recognizance to be void or otherwise to remain in full force and virtue In testimony whereof I the said Robert Abbott have hereunto Subscribed my Name and affixed my Seal and the Said George Ewing Wilson and William Forsyth have also Subscribed their Names and affixed their Seals the day and year first above mentioned

G. E. WILSON ROBERT ABBOTT 

WM FORSITH J P. D. D

[In the handwriting of Robert Abbott]

Bill of Indictment

ags^t

Whitmore Knaggs, for
Assault & Battery on
Augustus Brevoort Woodward one
of the judges in and over the
Territory of Michigan—

filed in court 17. Sept^ber 1811

*A true Bill*

| JAS HENRY foreman. | ANT. DEQUINDRE | JOS CAMPAU |
|---|---|---|
| GEORGE COTTERALL | JACOB VISGER | B CAMPAU |
| CHRIST^N CLEMENS | JOHN ANDERSON | HENRY BERTHELET |
| JAMES CONNER | J. B^T BEAUGRAND | FRAN^S CHABERT |
| GEO. M^CDOUGALL | DAVID BEARD | JOHN DODEMEAD |
| JO. FARWELL | RICH^D SMYTH | ELISHA HARRINGTON |
| ROBERT ABBOTT | J. EASTMAN | |

Jury Room

Sept^r 17. 1811.

Witnesses
 George Ewing Wilson
 William Forsyth

[Case 292, Paper 4]

UNITED STATES OF AMERICA ⎫ TO WIT
TERRITORY OF MICHIGAN ⎭

IN THE SUPREME COURT OF THE TERRITORY OF THE TERM OF SEPTEMBER ONE THOUSAND EIGHT HUNDRED AND ELEVEN—

The Jurors of the United States, in and for the body of the Territory of Michigan, upon their oaths present that Whitmore Knaggs late of the District of Detroit in the said Territory of Michigan, *Husbandman*, on the tenth day of June in the year of our Lord one thousand Eight hundred and eleven, with force and arms, at Detroit, in the District of Detroit within the said Territory of Michigan, and within the jurisdiction of this Court, in and upon a certain Augustus Brevoort Woodward, one of the judges in and over the Territory of Michigan, then and there being in the peace of God, and of the United States of America an assault did make, and him the said Augustus Brevoort Woodward, then and there, did beat bruise wound and ill treat, so that his life was greatly despaired of; and other wrongs to the said Augustus Brevoort Woodward then and there did, to the great damage of the said Augustus Brevoort Woodward, and against the peace and dignity of the United States of America, and of the Territory of Michigan—

HARRIS H. HICKMAN
Att<sup>y</sup> Genr<sup>l</sup>

[In the handwriting of Harris H. Hickman]